UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| REGENT BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CV-262-TLS |
| | ) | |
| BIRCH REA PARTNERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Dismiss the Plaintiff's Complaint [ECF No. 14], filed on September 2, 2016. On July 7, 2016, the Plaintiff, Regent Bank, filed a Complaint [ECF No. 1] against the Defendant, Birch REA Partners, Inc. (Birch REA). The Defendant subsequently moved to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that the Complaint fails to state a claim upon which relief may be granted. On September 28, 2016, the Plaintiff filed its Response to the Defendant's Motion to Dismiss [ECF No. 19]. On October 5, 2016, the Defendant filed its Reply in Support of its Motion to Dismiss [ECF No. 20]. With this matter now being fully briefed, the Defendant's Motion to Dismiss is denied for the reasons stated below.

**COMPLAINT ALLEGATIONS**

The Plaintiff is a Florida bank corporation that is the successor in interest to non-party PNC Bank. (Compl. ¶¶ 1–2, ECF No. 1.) The Defendant is a Massachusetts corporation that served as an appraiser in this case. (*Id*. ¶¶ 3, 6.) On May 16, 2007, non-party SunTrust Equity Funding, LLC (SunTrust), on behalf of itself and PNC Bank, entered into a contract with the Defendant

for the purpose of appraising property to assist PNC Bank in establishing the value for a mortgage of the property. (*Id.* ¶¶ 6–8.)

On August 17, 2007, the Defendant provided SunTrust and PNC Bank with the Appraisal [ECF No. 1-1] that indicated the property's market value. (*Id.* ¶ 6.) The cover of the Appraisal states that it was "Prepared for: SunTrust & PNC" (Appraisal 3, ECF No. 1-1.)[1] The cover letter, appended to the Appraisal,[2] states that "[t]his [enclosed] appraisal will reportedly be used to assist SunTrust Bank and PNC Bank in establishing the value for mortgage collateral/asset management purposes." (*Id.* at 5.) The cover letter also states:

> This confidential report is prepared for the use and benefit of SunTrust Bank and is based, in part, upon documents, writings, and information owned and possessed by SunTrust Bank. This report is provided for informational purposes only to third parties authorized to receive it. The appraiser-client relationship is with SunTrust Bank as the client. This report should not be used for any purpose other than to understand the information available to the Bank concerning this property. SunTrust Bank assumes no responsibility if this report is used in any other manner.
>
> PNC Bank, National Association, its employees, agents, successors and assigns may rely upon this report in evaluating a request for an extension of credit to be secured by the property (the 'Mortgage Loan'). This report may also be used and relied upon by any actual or prospective purchaser, transferee, assignee, or servicer of the Mortgage Loan (or any portion thereof), any actual or prospective investor (including agent or advisor) in any securities evidencing a beneficial interest in or backed by the Mortgage Loan (or any portion thereof), any rating agency actually or prospectively rating any such securities, any indenture trustee, and any institutional provider(s) from time to time of any liquidity facility or credit support for such financing. In addition, this report or a reference to this report may be included or quoted in any offering circular, private placement memorandum, registration statement or prospectus and Birch REA Partners, Inc. agrees to cooperate in answering questions by any of the above parties in connection with a securitization or transaction involving the Mortgage Loan (or any portion thereof) and/or such securities. This report has no other purpose and should not

---

[1] The Court will refer to particular page number per the ECF pagination and not the pagination of the Appraisal.

[2] The parties appear to dispute whether the letter appended to the Appraisal is a cover letter to the Appraisal or the Appraisal itself. The Defendant quotes sections of this letter as "the Appraisal" (*see, e.g.*, Def.'s Br. in Supp. of Mot. to Dismiss 5, ECF No. 15), while the Plaintiff calls the letter "the Birch cover letter, which accompanies the Birch Appraisal," (*see, e.g.*, Pl.'s Resp. 8, ECF No. 19). For the purposes of this Order, the Court will refer to the letter as the cover letter, appended to the Appraisal.

be relied upon by any other person or entity.

(*Id.* at 5–6). Moreover, the letter states, "The value estimates and subsequent appraisal report are intended for the information of SunTrust Bank ('SunTrust') and PNC Bank ('PNC')." (*Id.* at 6). The Appraisal itself states that the Defendant "certif[ies] that, to the best of our knowledge and beliefs: we have complied with SunTrust Bank and PNC Bank's instructions, standards, and specifications in conducting the research and analysis, and formulating the value conclusion." (*Id*. at 161.) Within a section captioned "Purpose & Function of Appraisal," the Appraisal states: "It is intended that this appraisal will serve as a guide to SunTrust Bank and PNC Bank with respect to asset management/mortgage collateral purposes." (*Id.* at 27.) Within a section captioned "Description of Assignment," the Appraisal states that it "is to serve as a guide to SunTrust Bank and PNC Bank with respect to asset management/mortgage collateral purposes." (*Id.* at 113.)

On October 19, 2007, PNC Bank approved the loan, and on December 20, 2010, the Plaintiff purchased the Mortgage Loan. (Compl. ¶¶ 11–12.) On February 19, 2016, after the Plaintiff received a 2016 appraisal on the property, the Plaintiff determined that the Defendant's Appraisal overstated the value of the property because it concealed a prior sale of the property, cherry-picked comparable properties to determine the property's value when those other properties were not similar to the property at issue, and disregarded market conditions of a declining population and significant losses of manufacturing companies that support the market in which the property is located, *inter alia*. (*Id.* ¶¶ 22–27.)

Consequently, on July 7, 2016, the Plaintiff filed a lawsuit against the Defendant alleging four separate causes of action: First, the Plaintiff alleges that the Defendant acted negligently because the "Defendant, as a professional appraiser, owed a duty of care" to the Plaintiff, the

3

Defendant "breached that duty of care by providing a grossly inaccurate appraisal with inflated values" and using methods that did not comply with the Uniform Standards of Professional Appraisal Practice ("USPAP") and Title XI of the Federal Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), and therefore caused the Plaintiff damages. (*Id.* ¶¶ 30–33.) Second, the Plaintiff alleges that the Defendant's Appraisal constitutes a negligent misrepresentation because the "Defendant failed to disclose material facts to the Plaintiff regarding its improper appraisal methods" and "intended that PNC Bank (and its successors and assigns) would rely upon and be induced by the misrepresentations to purchase the Mortgage Loan." (*Id.* ¶¶ 35–39.) Third, the Plaintiff alleges that the Defendant "knowingly and/or recklessly engaged in . . . a course of business which operated as a fraud upon Regent Bank. . . ." (*Id.* ¶ 41.) Finally, the Plaintiff alleges that the Defendant breached its contract with SunTrust Bank and/or PNC Bank and, as PNC Bank's successor in interest, the Plaintiff is a third party beneficiary who suffered "foreseeable damages on the Mortgage Loan as a direct result of the Defendant's breach of the contract." (*Id.* ¶¶ 50–54.)

## STANDARD OF REVIEW

"A motion to dismiss pursuant to [Rule] 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When reviewing a complaint attacked by a Rule 12(b)(6) motion, the Court must accept all of the factual allegations as true and draw all reasonable inferences in the light most favorable to the Plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Complaint need not contain detailed facts, but surviving a Rule 12(b)(6) motion "requires more than labels and conclusions . . . . Factual allegations must be enough to

raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Because the purpose of a Motion to Dismiss "is to test the factual sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed.).

The Court has jurisdiction over this case through diversity jurisdiction, 28 U.S.C. § 1332, therefore it "must apply the law of the state as it believes the highest court of the state would apply it if the issues were presently before that tribunal." *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001). Moreover, "[w]hen the state Supreme Court has not decided the issue, the rulings of the state intermediate appellate courts must be accorded great weight, unless there are persuasive indications that the state's highest court would decide the case differently." *Id.* Here, both parties agree that Indiana law applies.

## ANALYSIS

**A**     **Professional Negligence and Breach of Contract - Third Party Beneficiary (Counts I and IV)**

Count IV of the Plaintiff's Complaint seeks relief against the Defendant for breach of contract, pursuant to the Plaintiff's assertion that it was a third party beneficiary of the contract between the Defendant and SunTrust. The Plaintiff must allege the following elements in order to plead a third party beneficiary claim: (1) the intent to benefit the Plaintiff in the contract is clear, (2) the contract imposes a duty on one of the contracting parties in favor of the Plaintiff,

5

and (3) the performance of the terms necessarily renders to the third party a direct benefit intended by the parties to the contract. *Bowman v. Int'l Bus. Machs. Corp.*, 853 F. Supp. 2d 766, 769 (S.D. Ind. 2012) (citing Indiana law).

Count I of the Plaintiff's Complaint seeks relief against the Defendant for professional negligence. To demonstrate a claim of negligence under Indiana law, the Plaintiff must allege: (1) a duty owed to him/her by the Defendant, (2) breach of that duty by the Defendant, and (3) injury proximately caused by the Defendant's breach of duty. *DeSimone v. Noonan*, No. 1:09-CV-1421, 2012 WL 3027998, at *3 (S.D. Ind. July 24, 2012) (citing *Kroger Co. v. Plonski*, 930 N.E.2d 1, 6 (Ind. 2010)). Generally, whether a duty exists is a question of law for the Court to decide, but, determining whether a duty exists is sometimes dependent upon underlying facts that must be resolved by a trier of fact. *BSA Const. LLC v. Johnson*, 54 N.E.3d 1026, 1029 (Ind. Ct. App. 2016) (citing *Rhodes v. Wright,* 805 N.E.2d 382, 386 (Ind. 2004)). In this case, the Plaintiff rests its professional negligence claim in part on its contention that it was a third party beneficiary to the Defendant's contract with SunTrust. (*See* Pl.'s Resp. 8.) The status of a third-party beneficiary to a contract can serve as the basis of a duty in a negligence action, however, "in Indiana, a professional owes no duty to one with whom he has no contractual relationship unless the professional has actual knowledge that such third person will rely on his professional opinion." *BSA Const. LLC*, 54 N.E.3d at 1029 (citing *Emmons v. Brown,* 600 N.E.2d 133, 134–35 (Ind. Ct. App. 1992)). Put another way, "a professional owes a duty of care only to his client plus any third party who the professional knows will see and rely on any opinion he renders." *Id.* at 1030 (citing *Decatur Ventures LLC v. Daniel,* 485 F.3d 387, 390 (7th Cir. 2007)).

Here, the parties dispute whether the Defendant intended to benefit the Plaintiff and had actual knowledge that the Plaintiff would rely upon the contract, with each party pointing to a

different portion of the Appraisal and even disputing the scope of the contract at issue. The Defendant argues that the Appraisal and the engagement letter, attached as an exhibit to the Appraisal, expressly provide that the Appraisal is only for the "use and benefit of SunTrust." (Appraisal 5.) Furthermore, even though another part of the Appraisal states that a purchaser of the mortgage loan may rely upon the Appraisal, the Defendant contends that Indiana law requires that the Plaintiff must have been expressly identified as an intended beneficiary of the Appraisal in order to establish third party beneficiary status. *See DeSimone*, 2012 WL 3027998, at *4; *BSA Const. LLC*, 54 N.E.3d. at 1030, *Emmons*, 600 N.E.2d at 134. Because the Appraisal does not explicitly name the Plaintiff as a beneficiary, the Defendant argues "Birch REA could not have had actual knowledge [that Regent Bank would rely upon the Appraisal] as Regent Bank's name does not appear in the Appraisal." (Mot. to Dismiss 6).

The Plaintiff contends that the relationship between the Defendant, SunTrust, and PNC Bank, and itself, as PNC's assign/successor, requires consideration not only of the engagement letter, but also of the Appraisal and the cover letter appended to the Appraisal, both of which include references to reliance by PNC's successors and assignees. The Plaintiff argues, "The crucial point here [is] that Birch clearly and expressly set forth that the Birch Appraisal was to inure to and to be of benefit for PNC Bank, and its assigns/successors." (Pl.'s Resp. 12.) Furthermore, the Plaintiff points out that this case is distinct from the case law relied upon by the Defendant because there are numerous references to benefit PNC Bank and its assigns/successors, and the Defendant provided PNC Bank with a copy of the Appraisal knowing that PNC Bank would review it and rely upon on it before making the decision to loan money. As a result, the Plaintiff contends that the Defendant had the requisite actual knowledge to regard the Plaintiff as a third party beneficiary.

7

The Court finds that the parties' arguments require resolution of factual questions as to whether the Defendant intended to benefit the Plaintiff and had actual knowledge that the Plaintiff would rely upon its Appraisal. These factual questions include the scope of the contract between the Defendant, SunTrust, and PNC Bank, including whether the contract at issue is the Appraisal, the cover letter appended to the Appraisal, and/or the engagement letter attached as an exhibit to the Appraisal. Based on the briefing from the parties, it is unclear whether the parties intended for the cover letter and engagement letter to be part of the Appraisal, or whether these documents constitute extrinsic evidence informing ambiguities stemming from contradictions contained within the Appraisal. *See Universal Guar. Life Ins. Co. v. Coughlin*, 481 F.3d 458, 464 (7th Cir. 2007) ("Contradictory language in a contract is classically ambiguous."). Further, the nature of the relationship between the Defendant, PNC Bank, and SunTrust, and the circumstances upon which the parties contracted and/or negotiated for the Appraisal, may inform the analysis of the parties' intent to benefit the Plaintiff. *Real Estate Support Servs., Inc. v. Nauman*, 644 N.E.2d 907, 911 (Ind. Ct. App. 1994) (holding that when determining whether a party is a third party beneficiary, "The intention of the parties [to the contract] . . . is to be determined in light of the surrounding circumstances which existed at the time the contract was made."). These are factual issues necessitating development through discovery.

Though the Defendant cites to *DeSimone* and *Emmons*, this case presents factual issues in order to determine if *DeSimone* and *Emmons* are applicable—for instance, the Court in *DeSimone* was able to conclude that "DeSimone lacks evidence of any actual knowledge" because the parties at that point had already gone through the discovery process and elicited facts concerning actual knowledge and the parties' intentions. 2012 WL 3024998, at *4 ("It is undisputed [from the Record] that Noonan and DeSimone had never spoken nor had any direct

communication."). A similar record has not yet been developed in the instant case. At this motion to dismiss stage, the Court is not tasked with resolving factual inquiries. All the Court must decide is whether there are enough facts to put the Defendant on reasonable notice as to the nature of the Plaintiff's claims and to allow the Court "to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). The Court finds that the Plaintiff's Complaint does just that. The Plaintiff has plead that the Defendant and SunTrust contracted and intended for PNC Bank and its successors/assigns to be a beneficiary of the Appraisal, the Defendant owed duties to PNC Bank as a result of that contract, and the Defendant provided PNC Bank with a copy of the Appraisal while "fully aware" that PNC Bank and its successors/assigns would review and rely upon the Appraisal before making the decision to loan money. (Compl. ¶¶ 15–20.) In this manner, the Plaintiff has sufficiently plead the requisite elements to claim third party beneficiary status.

Specifically in regard to the Plaintiff's professional negligence claim, the Defendant argues that whether a duty exists between itself and the Plaintiff is a question of law for this Court to decide. However, as the Defendant also points out, for an appraiser to owe a duty to a non-contracting party pursuant to Indiana law, it must be established that the non-contracting party is a third party beneficiary of the contract, *DeSimone*, 2012 WL 3027998, at *4, and the appraiser must know that a third person will rely upon its professional opinion, *BSA Const. LLC*, 54 N.E.2d at 1029. As this Court has explained, determining whether the Plaintiff is a third party beneficiary requires analyzing factual questions concerning the scope of the contract and the parties' intent. Similarly, determining whether the Defendant had actual knowledge that PNC and its successors/assigns would rely upon its Appraisal requires analyzing the relationship and/or negotiation between the parties. Resolution of these issues may be more appropriate at the

summary judgment stage, after development of a factual record, but is inappropriate for resolution on this pending Motion to Dismiss.

**B Negligent Misrepresentation and Common Law/Constructive Fraud (Counts II and III)**

  The Plaintiff seeks recovery in Counts II and III of its Complaint under the theories of negligent misrepresentation and fraud. To state a claim for fraud, the Plaintiff must plead the following elements: (1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with intent to deceive, and (5) detrimental reliance by the complaining party. *Rice v. Strunk*, 670 N.E.2d 1280, 1284 (Ind. 1996). Indiana law holds a defendant liable for negligent misrepresentation when: (1) the defendant, in the course of her business, profession, or employment, or in any other transaction in which she has a pecuniary interest, supplies false information for the guidance of others in their business transactions, (2) the defendant fails to exercise reasonable care or competence in obtaining or communicating the information, (3) the plaintiff justifiably relies upon the information supplied by the defendant, and (4) the plaintiff suffers pecuniary loss as a result. *U.S. Bank, N.A. v. Integrity Land Title Corp.*, 929 N.E.2d 742, 746 (Ind. 2010).

  The Defendant argues that Indiana courts have held that subjective opinions, such as valuations contained within an appraisal, cannot serve as a basis for an action in fraud. Similarly, the Defendant argues that the same rationale applies to the Plaintiff's claim of negligent misrepresentation because, as an expression of opinion, an appraisal cannot be considered "false information." Additionally, the Defendant argues that Indiana law requires a party who sues

pursuant to a theory of negligent representation to plead that the professional had actual knowledge that the third party would rely upon the professional's opinion.

The Plaintiff submits that the Defendant's alleged fraud arises not from opinions contained within the Appraisal, but from the Defendant's omission of material facts, which are not opinion-based. These facts include the failure to report that the property was sold previously for a different price, the failure to disclose the economic downturn in the area surrounding the property, and the misrepresentation that the sale was a market sale as opposed to a leaseback sale. Therefore, the Plaintiff does not contest that expressions of opinion are inappropriate for actions in fraud or negligence. Instead, the Plaintiff contends that its issues with the Defendant's Appraisal arise from misrepresentations and/or omission of information and not from expressions of subjective opinion. The Defendant's Reply argues that it was not required to disclose the sale of the property pursuant to the USPAP, the Appraisal does contain an overview of the regional economic decline, and the Appraisal expressly states it was a leaseback sale. In this manner, the Defendant disputes the Plaintiff's version of the facts.

Viewed in the light most favorable to the Plaintiff, the Plaintiff's Complaint is sufficiently clear in alleging the requisite elements for the claims of material misrepresentation and fraud. The Plaintiff pleads that, "[Birch REA] refused to ascertain and disclose of such facts concerning and regarding the Property . . . ." (Compl. ¶¶ 36, 42.) The Plaintiff further alleges that the Defendant knew, or should have known, that its representations were false. (*Id.* ¶¶ 37, 42–45.) Finally, the Plaintiff alleges that the Defendant intended for the Plaintiff to rely upon the misrepresentations, and in fact, the Plaintiff did detrimentally rely upon them. (*Id.* ¶¶ 38–39. 48.) Arguments by the parties concerning whether the Appraisal's analysis of the economy and mention of a leaseback sale are sufficient, and whether an appraiser is required to report a three-

year old sale of a property, are factual disputes inappropriate for resolution in this Motion to Dismiss. Accordingly, this Court holds that the Plaintiff's allegations have put the Defendant on reasonable notice as to the nature of the Plaintiff's negligent misrepresentation and fraud claims and allow the Court "to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

## CONCLUSION

Based on the foregoing, the Court DENIES the Defendant's Motion to Dismiss [ECF No. 14] the Plaintiff's Complaint.

SO ORDERED on June 14, 2017.

                                                    s/ Theresa L. Springmann
                                                  CHIEF JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT