```
UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF INDIANA
        FORT WAYNE DIVISION
```

| | | |
|---|---|---|
| REGENT BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:16-CV-262-TLS |
| | ) | |
| BIRCH REA PARTNERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Regent Bank filed suit against Birch Rea Partners, Inc. (Birch) on July 7, 2016 [ECF No. 1]. This matter is before the Court on the Plaintiff's Motion for Voluntary Dismissal [ECF No. 32], filed on September 26, 2017. The Plaintiff affirms that all claims by the Plaintiff against the Defendant have been settled and that this case should be dismissed, with prejudice, with each party bearing its own attorney fees and costs. The Defendant does not object.

Accordingly, the Court will analyze the Plaintiff's request for dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), which allows a court to consider whether it is proper to order a party dismissed upon a plaintiff's motion. It is within the Court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to Rule 41(a)(2). *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994); *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal;

and (4) whether a summary judgment motion has been filed by defendant. *Tyco Labs.*, 627 F.2d at 56.

In consideration of the procedural context of this case and the parties' submissions, the Court finds that it has the power to enter an order regarding this case, and further finds that dismissal of the action is appropriate because the Defendant has not filed summary judgment motions against the Plaintiff, the Defendant does not object to the dismissal, and the dismissal will be with prejudice. The context in which dismissal is sought is not adversarial and there is no prejudice to the Defendant in allowing the dismissal.

For the foregoing reasons, the Court GRANTS the Motion for Voluntary Dismissal [ECF No. 32] and DISMISSES WITH PREJUDICE the Plaintiff's claims against the Defendant. The Court DIRECTS the Clerk of Court to close this case.

SO ORDERED on October 23, 2017.

                                          s/ Theresa L. Springmann
                                          CHIEF JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT